IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01701-WDM-MEH

PEDRO GOMEZ,

    Plaintiff,

v.

THOMAS J. LOOFT, in his personal capacity,

    Defendant.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on the Defendant's Motion to Dismiss (doc no 9) ("Motion to Dismiss"). Plaintiff opposes the motion. Upon review of the parties' filings, I conclude oral argument is not required. For the reasons that follow, the motion is granted.

<u>Background</u>

Plaintiff is a former certified state employee, whose position at the time of his termination was Director of the Colorado Workforce Center, South Central region. Amended Complaint ¶ 4. During the relevant time period, Defendant Looft was the appointing authority for the Workforce Development Program and the person responsible for terminating Plaintiff's employment. *Id.* at ¶ 5. Defendant received information from Rudy Archuleta ("Archuleta"), another state employee, that Plaintiff was drinking liquor in a state vehicle while on state time. *Id.* at ¶ 8. Specifically,

Archuleta alleged that on or around February 15, 2005, Plaintiff, Archuleta, and Linda Burnett ("Burnett) were traveling from Alamosa, Colorado to Trinidad, Colorado on state business. *Id.* at ¶ 9. According to Archuleta, Plaintiff asked Archuleta to stop the car at the El Dorado liquor store in Fort Garland, Colorado and that Plaintiff bought some liquor and offered to share it with Archuleta and Burnett. *Id.* at ¶ 10. Archuleta asserted that he refused but that Burnett consumed some alcohol with Plaintiff. *Id.*

Based on this allegation, Defendant interviewed Archuleta, Burnett, and Plaintiff, as well as other employees who were not present during the trip. *Id.* at ¶ 13. Burnett denied Archuleta's allegations. *Id.* at ¶ 14. Defendant then sent a letter to Plaintiff scheduling an R-6-10 meeting pursuant to the Colorado State Personnel Board Rules. *Id.* at ¶ 15. The letter referenced the complaint and investigation and stated that the purpose of the meeting was to present Plaintiff with information about the the reasons for potential discipline and to allow Plaintiff an opportunity to respond, as well as to exchange information. Exhibit A to Amended Complaint. The letter informed Plaintiff that he could have representative present at the meeting and could provide additional written or oral information for consideration. *Id.* The meeting occurred on May 24, 2005. Amended Complaint at ¶ 16. Present were Defendant, Plaintiff's supervisor, the Executive Director of CAPE (a union representative), and Plaintiff. *Id.* Plaintiff denied the allegations and presented evidence supporting his position. *Id.* At the end of the meeting, Defendant granted Plaintiff an additional 10 days to provide more information or evidence if he wished. *Id.* Plaintiff submitted two signed statements from employees of the only two liquor stores in Fort Garland, each of whom stated he had not seen

Plaintiff in the store in several months.  *Id.* at ¶¶ 17-18.  However, Defendant did not contact or interview the two witnesses for further information about their written statements.  *Id.* at ¶ 25.

On June 7, 2005, Defendant terminated Plaintiff's employment for engaging in "unlawful activity."  *Id.* at ¶ 19.  In the termination letter, Defendant acknowledged that Plaintiff denied the allegations but that Defendant had found by a preponderance of the evidence that Plaintiff had purchased alcohol and consumed it in a state vehicle.  *Id.*  The letter informed Plaintiff of his appeal rights.  Exhibit D to Amended Complaint.

A two-day administrative hearing was held in which Plaintiff contested the termination of his employment.  Amended Complaint at ¶ 21.  At the hearing, Defendant acknowledged that he did not contact the two liquor store employees because he felt their written statements were "contrived."  *Id.* at ¶ 25.  In addition, Defendant stated that the reason he did not contact the two witnesses was because, "this is a small community - again everybody knows everybody.  I felt that it would be very simple to get someone who actually [sic] no dog in this fight to do exactly what was done, send in a letter of support of someone who you may have known for many years."  *Id.* at ¶ 27.  Nonetheless, at least one of the store employees testified at the administrative hearing.  *Id.* at ¶ 28.

Plaintiff filed this lawsuit alleging two claims for relief pursuant to 42 U.S.C. § 1983: (1) violation of federal and state substantive and procedural due process; and (2) violation of federal and state constitutional right to liberty interests.  In his response to the Motion to Dismiss, Plaintiff seeks the dismissal of Claim 2 (violation of Plaintiff's

3

liberty interest in his state certified employment).

## Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

1.  Procedural Due Process

Plaintiff's due process claims appear to be based entirely on Defendant's failure to interview and credit the two liquor store employees, which Plaintiff contends was in violation of various guidelines established by the state concerning discipline and investigation of allegations of employee misconduct. Defendant argues Plaintiff's procedural due process claim fails because Plaintiff received all the process that was due under the circumstances. Specifically, Plaintiff received a constitutionally adequate pre-deprivation hearing and post-deprivation hearing. I agree.

It is well established that "in deciding whether a state has violated a person's constitutional right to procedural due process, we should pay no attention to whether the state has complied with procedures mandated by state law. . . . once the property right is established, it is purely a matter of federal constitutional law whether the procedure afforded was adequate." *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003). The Tenth Circuit has established that a pre-termination hearing satisfies the

requirements of procedural due process if it provides notice and an opportunity to be heard. *Id*. at 1248. Here, Plaintiff received a written letter regarding possible disciplinary action, a meeting in which he was represented by a union representative and an opportunity to give his side of the story, and the opportunity to submit additional information. Procedural due process requirements were satisfied. *See West v. Grand County*, 967 F.2d 362 (10th Cir. 1992) (plaintiff who had two hour discussion with decisionmaker and opportunity to consult with county commissioners was given adequate pre-termination due process). In addition, Plaintiff received a full administrative hearing following the termination decision. Defendant's decision not to credit or further investigate the written statements of the two liquor store employees did not deprive Plaintiff of a "meaningful" opportunity to be heard.[1]

Plaintiff cites *Dep't of Insts., Division for Developmental Disabilities, Wheat Ridge Regional Center v. Kinchen*, 886 P.2d 700 (Colo. 1994) for the proposition that "the appointing authority *must* consider any written or oral information that the employee provides *before* making a final decision." Response to Motion to Dismiss at 5. However, *Kinchen* addresses only the question of which party has the burden of proof in a disciplinary hearing before the state Personnel Board. It does not set forth any substantive investigative requirement, although the court noted in dicta that the facts of that particular case gave support for the allocation of the burden of proof established

---

[1] Plaintiff apparently does not contend that his post-termination hearing was inadequate.

by the decision.[2]  Moreover, according to Plaintiff's allegations, Defendant did consider the two written statements but found them to be not credible and therefore did no further investigation.  Nothing in *Kinchens* indicates that Defendant had a legal obligation to interview the witnesses after receiving their written statements.

2.      Substantive Due Process

Plaintiff also contends he has a substantive due process right in his employment, regardless of whether fair procedures were followed in the deprivation of the right.  The parties agree that the Tenth Circuit has not yet decided which property interests in employment are protected by substantive due process.  *Shrum v. City of Coweta, Okla.*, 449 F.3d 1132, 1145 (10th Cir. 2006).  Even if Plaintiff possessed such an interest, I agree with Defendant that the termination decision was not arbitrary or without a rational basis.  *Archuleta v. Colo. Dep't of Insts., Div. Of Youth Servs.*, 936 F.2d 483, 490 (10th Cir. 1991)[3].  Defendant's decision to give Archuleta's account of the alleged events credence over the proffered evidence of the two liquor store

---

[2]In addition, the facts in *Kinchens* are distinguishable from Plaintiff's allegations.  There, the decisionmaker did "little investigation" and the plaintiff did not learn of the underlying allegations until the initial meeting and had no opportunity to prepare a rebuttal.  Here, it appears that the decisionmaker interviewed several witnesses and gave Plaintiff notice of the allegations before the R-6-10 meeting.

[3]Defendant argues that even if this interest exists, Plaintiff would have to show that Defendant's conduct shocks the conscience.  Because I conclude that Plaintiff's allegations do not even demonstrate that the conduct was arbitrary and without a rational basis, I decline to address whether "conscience-shocking" conduct is an element of this claim.

6

employees is not arbitrary and has a rational basis.

Accordingly, it is ordered:

1. The Motion to Dismiss (doc no 9) is granted.

2. The Amended Complaint is dismissed.

DATED at Denver, Colorado, on April 6, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge